**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Luis PINEDO–MORALES,
Defendant–Appellant.**

**No. 09–51013
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 2010.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Assistant Federal Public Defender, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Jose Angel RIVERA–HIDROGO,
Defendant–Appellant.**

**No. 09–50977
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 2010.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Assistant Federal Public Defender, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

Jose Angel Rivera–Hidrogo (Rivera) was convicted of attempted illegal reentry and of false personation in immigration matters. Rivera contends in this appeal that the sentence imposed was unreasonable. This court reviews the reasonableness of a district court's sentencing decision for an abuse of discretion. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006).

Rivera argues that the district court abused its discretion in determining whether Rivera's guidelines range was greater than necessary by failing to consider the disparity between defendants who cannot avail themselves of a fast-track program and defendants in other districts who can avail themselves of such a program. The disparity between districts with fast-track programs and districts without them was intended by Congress and thus is not "unwarranted." *United States v. Gomez–Herrera,* 523 F.3d 554, 563 (5th Cir.2008). Accordingly, defendants like Rivera who are sentenced

in districts without fast-track programs are not entitled to sentence reductions based on the disparity. *See id.* Rivera recognizes that this issue is foreclosed by *Gomez–Herrera;* he raises the issue to preserve it for possible Supreme Court review. The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.